IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JERRY GARDNER, | ) | Case No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | **DEFENDANTS COURTNEY AND** |
| v. | ) | **KARL FARRINGTON'S NOTICE OF** |
| | ) | **REMOVAL** |
| COURTNEY R. FARRINGTON, KARL | ) | |
| FARRINGTON, PROFESSIONAL | ) | |
| COMPUTER SERVICE and DAKOTA | ) | |
| TRUCK UNDERWRITERS, | ) | |
| | ) | |
| Defendants, | ) | |

Defendants Courtney and Karl Farrington file this Notice of Removal pursuant to 28 U.S.C. §1446(a).

A. Introduction

1.      Plaintiff is Jerry Gardner; Defendants are Courtney R. Farrington, Karl Farrington, Professional Computer Service and Dakota Truck Underwriters.  Defendants Professional Computer Service and Dakota Truck Underwriters are named as Defendants solely for the purposes of protecting their subrogation interests pursuant to Neb. Rev. Stat. §48-118 and are thus nominal parties and/or more properly aligned with the Plaintiff pursuant to the realignment doctrine. (See Plaintiff's Complaint at ¶¶ 6 and 7).

2.      On July 18, 2012, Plaintiff filed a Complaint against the aforementioned Defendants requesting relief relating to an automobile accident which occurred on or about January 11, 2011 in the District Court of Scotts Bluff County, Nebraska.

1

3.     Defendants Courtney and Karl Farrington were served with the suit on July 20, 2012.  Defendants Courtney and Karl Farrington file this Notice of Removal within the 30-day time period required by 28 U.S.C. §1446(b).

<u>B. Basis for Removal</u>

4.     Removal is proper because there is complete diversity between the parties.  28 U.S.C. §1332(a); *Darden v. Ford Consumer Fin. Co.,* 200 F.3d 753, 755 (11th Cir. 2000). Plaintiff is a citizen of Nebraska.  Defendants Karl Farrington is a citizen of Wyoming.  While Defendant Courtney Farrington temporarily resides in Nebraska for the sole purpose of attending school, she is domiciled in and thus a citizen of Wyoming for purposes of diversity of citizenship.  See, *Holmes v. Sopuch*, 639 F.2d 431 (8th Cir. 1981), citing *Wright, Miller & Cooper* § 3613 The Requirement and Meaning of Citizenship—Acquisition of a New Domicile, 13E (The plaintiff only intended to remain in Ohio for as long as his educational studies required and therefore could not claim to have established a new domicile in that state.); see also, *Alicea-Rivera v. SIMED*, 12 F. Supp. 2d 243 (D.P.R. 1998) (college student in Ohio failed to show requisite intent to remain there to make it new domicile).    Defendants Professional Computer Service and Dakota Truck Underwriters are nominal parties and therefore not relevant to the issue of diversity**.** *Balazik v. County of Dauphin,* 44 F.3d 209, 213 n.4 (3d Cir. 1995), *abrogated by Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 119 S. Ct. 1322 (1999); *Roe v. O'Donohue,* 38 F.3d 298, 301 (7th Cir. 1994).   Additionally, said parties are more properly aligned with the Plaintiff's interests and thus should be realigned by the Court pursuant to the doctrine of realignment. *See City of Indianapolis v. Chase National Bank,* 314 U.S. 63, 80, 62 S.Ct. 15, 86 L.Ed. 47 (1941) (doctrine of realignment requires defendant to be treated as plaintiff for purpose of defining controversy when plaintiff has not asserted real cause of action against

2

defendant); *see also American Motorists Ins. Co. v. Trane Co.,* 657 F.2d 146, 149 (7th Cir.1981) ("Realignment is proper when the court finds that no actual, substantial controversy exists between parties on one side of the dispute and their named opponents, although realignment may destroy diversity and deprive the court of jurisdiction."); *Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.,* 204 F.3d 867, 873 (9th Cir.2000) ("We must align for jurisdictional purposes those parties whose interests coincide respecting the 'primary matter in dispute.' ").  The amount in controversy exceeds $75,000, excluding interest, costs, and attorney fees.  28 U.S.C. §1332(a). Plaintiff is alleging damages in the form of incurred medical expenses in the approximate sum of $72,445.38, lost wages of $10,000.00 and loss of his vehicle valued at $15,000.00 totaling $97,445.38.

5.     All other Defendants who have been served with Summons are not required to consent to the removal of this case to Federal Court.  Specifically, consent of Professional Computer Service and Dakota Truck Underwriters is not required as said parties are nominal parties.  Additionally, said parties are more properly aligned with the Plaintiff's interests and thus should be realigned by the Court pursuant to the doctrine of realignment.

6.     All pleadings, process, orders and other filings in the State Court action are attached to this Notice as required by 28 U.S.C. §1446(a).

7.     Venue is proper in this District under 28 U.S.C. §1441(a) because the state court where the action has been pending is located in this District.

8.     Defendants will promptly file a copy of this Notice of Removal with the clerk of the state court where the action has been pending.

9.     Defendants requests this case be tried at the North Platte Federal Building 300 East 3rd Street North Platte, NE 69101.

<u>C. Jury Demand</u>

10.      Plaintiff has demanded a jury in the state court action.

<u>D. Conclusion</u>

11.      For these reasons, Defendants requests the Court remove the action to the United

States District Court for the District of Nebraska.


DATED this 16th day of August, 2012.

COURTNEY R. FARRINGTON, KARL
FARRINGTON, Defendant


s/ David L. Welch
PANSING HOGAN ERNST & BACHMAN LLP
10250 Regency Circle, #300
Omaha, Nebraska 68114
(402) 397-5500
By:     David L. Welch, #18881
        William E. Rooney, III, #24281
        Attorney(s) for Defendants Karl and
        Courtney Farrington


**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that a copy of the foregoing has been furnished to the
following by United States mail, postage prepaid, on the 16th day of August, 2012:

Robert M. Brenner
Robert M. Brenner Law Office
1915 10th Street
PO Box 370
Gering, NE 69341


s/ David L. Welch